IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


MANSUR AKIL JELANI VALENTINE-DEY   *
  A/K/A TIMOTHY MAURICE VALENTINE
          Petitioner,             *

      v.                            *    CIVIL ACTION NO. DKC-13-1524

DISTRICT COURT FOR CHARLES      *
  COUNTY, MARYLAND
          Respondent.         *
                             ***

## <u>MEMORANDUM OPINION</u>

On May 23, 2013, Mansur Akil Jelani Valentine-Dey ("Valentine-Dey"), also known as Timothy Maurice Valentine, filed a Petition for writ of mandamus. (ECF No. 1). Affording the self-represented Petition a generous construction, it appears that Valentine-Dey seeks court order to compel a state court judge to "honor" the various writs he has filed in a "Peace Order" case proceeding in the District Court for Charles County, Maryland and to "void and "dismiss" the judgment entered in that case. (*Id*. at 2). Valentine-Dey also appears to challenge the ruling of a state court judge, claiming that his due process rights were violated, when a judge improperly construed his filings as motions, refused to honor his writs, and issued a "fraudulent" order. (*Id*.). He contends that as a Moorish American National, who has altered his name without court application or authorization, the State cannot issue him identification and he is not subject to the "foreign colorable United States corporation, their private foreign for profit corporation(s) have no lawful jurisdiction to hear, present, or to pass judgment in any matter concerning my affairs under a quasi-criminal, non-sanctioned tribunal of foreign private-law process." (*Id*. at 7).

The petition was not accompanied by the required civil fling fee or indigency motion. Valentine-Dey shall not, however, be required to cure this deficiency. Mandamus relief is a remedy only used in extraordinary circumstances. *See Kerr v. United States Dist. Court,* 426 U.S. 394, 402 (1976); *In re Beard,* 811 F.2d 818, 826 (4th Cir. 1987). Moreover, a federal court does not have jurisdiction over state entities or employees in an action for writ of mandamus. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); *see also AT & T Wireless PCS v. Winston-Salem Zoning Bd. of Adjustment,* 172 F.3d 307, 312 n. 3 (4th Cir. 1999).

Further, the legal assertions raised in the document amount to nonsensical gibberish designed to thwart enforcement of court order. Reduced to its essence, Valentine-Dey's claim is that he is a "Moorish American" and that, based on his ancestry, the State of Maryland does not have jurisdiction to impose peace order restrictions on him. [1] There is no basis in the law for such a claim. The fact that a group claiming to be "Moorish Americans" has written documents that might support this idea does not establish a valid claim. Moreover, Valentine-Dey is not the first person to raise this or similar claims based on an alleged status as a "Moorish American." These claims have been rejected. *See Pitt–Bey v. District of Columbia,* 942 A .2d 1132, 1136 (D. C. 2008); *Ferguson-el v. Virginia*, 2011 WL 3652327 (E.D. Va. 2011); *Albert Fitzgerald Brockman–El v. N.C. Dep't. of Corr.,* Civil Action No. WO-09-633 (M.D. N.C. 2009), appeal dismissed for lack of a substantial showing of the denial of a constitutional right, 373 Fed. Appx. 332 (4th Cir.), *cert. denied,* ––– U.S. –––––, 131 S. Ct. 168 (2010). The court is aware of no instance where the United States has

---

[1] Valentine-Dey's exhibit shows that on May 7, 2013, a final peace order was issued against him in the District Court of Maryland for Charles County in *Riddick v. Valentine*, Case No. 0402SP004812013. (ECF No. 1 at Ex. 13).

recognized the so-called "Moorish/Muurish Nation" as a sovereign. Because it plainly appears that

Valentine-Dey is not entitled to any relief in this court, the Petition shall be dismissed.

A separate Order shall follow reflecting the ruling set out herein.


                                         /s/
                            DEBORAH K. CHASANOW
                            United States District Judge